## Clarke's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*William Jay Leon*, for exceptant.

*Warren S. Spalding*, contra.

STEARNE, J., November 28, 1941.—The exceptions involve the construction of the will. A grandson protests against the ruling of an auditing judge that the income which exceptant takes by representation, in the place of his deceased father, is to be charged with in-

terest upon loans made to exceptant's father, in accordance with certain testamentary provisions in the will. Testator left surviving four sons, and issue of a deceased son. The main testamentary scheme appears plain. He directed that the *income* from his estate be paid to his children, and to the issue of deceased children *per stirpes* for the life of the survivor of his children, whereupon the *principal* shall be distributed to all of his grandchildren *per capita* with the provision that issue of any deceased grandchildren shall take by representation. There are other testamentary directions not germane to the present inquiry.

In the tenth item of the will appear the following two clauses which give rise to the questions involved:

"In case during the lifetime of any of my sons he may desire to procure for his child or children a special education or college education for which my son shall be unable to pay, I authorize and empower my trustees to advance to such son from time to time upon his individual note from the principal of his share of my estate such sums as to my trustee shall seem proper for this purpose and to charge the interest upon such advances against the share of my son so borrowing and if such loans shall not be repaid at the death of my son, then the principal of his share to be depleted by the amount of such loans.

"I authorize my trustees to make similar advances upon the note of my sons in case of serious illness of himself or members of his family which he is not in position to meet from his own funds."

A son, in pursuance to the foregoing testamentary authority, borrowed sundry sums of money from the trustees for which he gave his notes aggregating $2,-536.22. Of this sum, $1,051.03 was for the education of the present exceptant, and $1,485.19 because of his own serious illness. During the lifetime of the son interest upon these notes was regularly deducted from the son's distributive share. Upon the death of the

son, the grandson (being the present exceptant) takes his father's distributive share of income.

Exceptant, disclaiming responsibility for such indebtedness, points to the language in the above-quoted two clauses. He maintains that, because it is stated that *interest* is to be charged "against the share of my son so borrowing", the death of such son exempts the issue of that deceased son (taking his father's share of income by representation) from any further interest payments on such loans; furthermore, that, because the loans were not paid back by the son in his lifetime, the words in the clause "the principal of [the son's] share to be depleted by the amount of such loans" cause in effect a cancellation of the indebtedness. This result it is earnestly urged by learned counsel for exceptant follows because the will gives no child a share of *principal*, but limits the share of all such children solely to *income*.

We cannot agree with such contention. Upon a careful study of the entire will and codicils we agree with the auditing judge in his ruling.

The intention of testator is to be gathered from the *whole will*, and not from separate clauses therein; see cases cited on testamentary intent in 2 Hunter's Pennsylvania Orphans' Court Commonplace Book, p. 1420 et seq. It may be true that a literal reading of the words of the clauses might cause this result, but the will must be construed in its entirety and from its four corners. We cannot escape the clearest evidence of intent, that while testator desired his grandchildren to take principal per capita the family stirp or representation is manifest throughout the entire instrument. It is to be observed that even if a grandchild, who takes principal per capita, dies, nonetheless, his issue are substituted *by representation*.

It may well be that the present exceptant may die without issue, whereupon his share of income or principal, or both, may pass to the other children of testa-

tor, or their issue, and this may result in a cancellation of the note. However, as is pointed out by the auditing judge, distribution of principal is not now before us. We are clearly of opinion, as stated by the auditing judge, that, had exceptant's father still survived, unquestionably his share would have been charged with the interest due by him. It, therefore, follows that exceptant, who takes "by representation the share which [his] deceased parent would have taken if living", likewise takes such share of income so encumbered.

This result is not to be regretted as doing a possible injustice to exceptant when it is considered that the debt in question was contracted for exceptant's own education, and for the expenses incurred during the illness of his own father. Surely, in the absence of an unequivocal testamentary direction to the contrary, such indebtedness should be borne by exceptant and not relegated to his uncles or cousins.

The exceptions are dismissed and the adjudication is confirmed absolutely.